**PRICE v. REYNOLDS METALS CO., Inc.**

**Civil Action No. 7324.**

District Court, E. D. New York.

June 9, 1947.

Austin & DuPont, of Jamaica, N. Y. (Stephen J. Masse, of Jamaica, N. Y., of counsel), for plaintiff, opposed.

Lundgren, Bartels & Lincoln, of New York City, for defendant (for the motion).

BYERS, District Judge.

This is a defendant's motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C. A. following section 723c. The facts have been stated in connection with a similar motion based on the original complaint (69 F.Supp. 82).

It is the amended complaint which is here under examination; the plaintiff alleges:

"Third: That heretofore and on or about the 5th day of April, 1946, plaintiff and defendant entered into an agreement * * *."

Thus he avoids alleging a written contract (as in the original complaint) which the defendant failed to execute, although clearly there was such a requirement if the contract were to come into existence.

It is stated in his affidavit in opposition to this motion that he sues for breach of an oral agreement to employ.

The defendant urges that, under the facts as heretofore portrayed and as now alleged, there is insufficient evidence of an oral contract to allow plaintiff's case to go to the jury, and hence this motion must be granted.

Considering the relatively long relationship of the parties, the conversations that began in January of 1946 and continued at intervals until April 5, 1946, on the subject of a new employment contract, and the undisputed incident of the latter date when the President of the defendant and the plaintiff shook hands upon the proposition that the negotiations had resulted in "a deal", it seems to me that it would unduly extend the power of the Court under Rule 56 to deny to the plaintiff the opportunity to present his case. It is true that inconsistencies can be pointed out in his present theory as contrasted with his conduct during the critical months; but the defendant's handling of the situation scarcely bristles with candor and stability of purpose.

If the plaintiff chooses to rely upon an oral contract after once pleading a written one, that is his lookout; perhaps a full disclosure of the evidence may even vindicate his choice.

As to the second aspect of the motion, which is addressed to the Second to Eighth causes of action, the relief sought under Rule 12(e) of the Federal Rules of Civil Procedure is appropriate, and the motion is granted. Otherwise denied.

Settle order.